October 7, 2026

**<u>VIA CM/ECF</u>**

Hon. Anastasia Dubrovsky, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: *Local 8027, AFT-New Hampshire, AFL-CIO, et al. v. Frank Edelblut, et al.*, No. 24-1690;
Plaintiffs-Appellees' Response Letter Pursuant to Fed. R. App. P. 28(j).

Dear Ms. Dubrovsky:

The majority in *Black Emergency Response Team v. Drummond*, Nos. 24-6139, 24-6140 & 24-6141, 2026 U.S. App. LEXIS 27669, ___ F.4th ___ (10th Cir. Sept. 9, 2026) ("*BERT*"), made clear that the Oklahoma law in question and the New Hampshire law here are different. *BERT* distinguished the decisions of the District of New Hampshire and other courts in a footnote, noting that these courts did not "consider[], let alone reject[]," the majority's "plain-text reading of subsection B" of the Oklahoma law. *Id.* at *30 n. 18. Under this reading of subsection B, *BERT* held that the phrase "require or make part of a course" means only "teaching the prohibited concepts <u>*as correct principles*</u>." *Id.* at *5, 18, 19, 23 (emphasis added). Here, however, the New Hampshire law broadly implicates "teaching," "instruction," or "inculcation," *see, e.g.,* RSA 193:40, I; *see also* RSA 354-A:31-32—phrases that the District Court concluded "lack clarity." *See* ADD135-36. Unlike the Oklahoma law, the New Hampshire law does <u>*not*</u> contain "require or make part of a course" language that arguably would make it susceptible to a construction that limits its scope to teaching banned concepts "as correct principles."

The majority's decision also is an outlier. Setting aside the sparseness of the majority's vagueness analysis as to the Oklahoma law's specific eight banned concepts, the dissent correctly explained that, "[e]xcept for the district court below and the majority here, every court that has ruled on the vagueness of these types of laws … has concluded that they are vague in full." 2026 U.S. App. LEXIS 27669, at *46. The dissent added that "it makes sense that those [other court] decisions

neither considered nor rejected the majority's reading, which goes well beyond [the law]'s plain text." *Id.*

On September 30, 2026, the *BERT* plaintiffs filed a Motion for Rehearing *En Banc*/Panel Rehearing, as the decision conflicts with *Keyishian v. Board of Regents*, 385 U.S. 589 (1967) and its treatment of the word "teach," as well as conflicts with the separation of powers principle prohibiting federal courts from re-writing a statute. The Court ordered a response by October 13, 2026.

Respectfully submitted,


*<u>/s/ Gilles Bissonnette</u>*
Gilles Bissonnette (No. 123868)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Tel.: (603) 227-6678
gilles@aclu-nh.org

*Counsel for Plaintiffs-Appellees NEA-NH, Andres Mejia, and Chrstina Philibotte*

*<u>/s/ Charles G. Moerdler</u>*
Charles G. Moerdler (No. 1213343)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
cmoerdler@pbwt.com

*Counsel for Plaintiffs-Appellees Local 8027, AFT-New Hampshire, AFL-CIO, Ryan Richman, John Dube, Joceyln Merrill, Kimberly Green Elliott and Meghan Evelyn Durden*